**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CHRISTIAN A. HANSEN,             :
                                           Civil Action No. 04-5360 (FLW)
        Petitioner,    :

        v.             :    **OPINION**

JOHN NASH, Warden,               :

        Respondent.    :

**APPEARANCES**:

| Petitioner pro se | Counsel for Respondent |
|---|---|
| Christian A. Hansen | J. Andrew Ruymann |
| #09826-021 | Assistant U.S. Attorney |
| F.C.I. - Fort Dix | 402 East State Street |
| Unit 5802 West | Room 430 |
| P.O. Box 7000 | Trenton, NJ 08608 |
| Fort Dix, NJ 08640 | |

**WOLFSON**, District Judge

    Petitioner Christian A. Hansen, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Because it appears that this Court lacks jurisdiction to consider this Petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition without prejudice.  See 28 U.S.C. §§ 1631, 2255.

## I.   BACKGROUND

On June 2, 1999, following conviction by a jury, Petitioner was sentenced in the U.S. District Court for the Southern District of Georgia to a term of 108 months imprisonment, to be followed by three years of supervised release.  Petitioner's conviction and sentence were affirmed on direct appeal.  See United States v. Hansen, 262 F.3d 1217 (11th Cir. 2001), cert. denied, 535 U.S. 1111 (2002).

Thereafter, Petitioner filed a timely motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  See Hansen v. United States, Civil Action No. 03-0064 (AAA) (S.D. Ga.).  The trial court denied that motion on June 18, 2004.  Petitioner did not appeal.[2]

On November 10, 2004, this Court received this Petition, dated August 19, 2004, for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asserts one ground for relief:  that

---

[2] The Court notes that the Docket of Petitioner's criminal Action, United States v. Hansen, Criminal Action No. 98-0023 (AAA) (S.D. Ga.), reflects an Order of the U.S. Court of Appeals denying Petitioner's application for leave to file a second or successive 2255 motion.  (Docket Entry No. 327, entered September 30, 2004.)

the trial court erred in imposing a sentencing enhancement without making a factual finding "beyond a reasonable doubt" that the grounds for the enhancement existed.  In support, Petitioner cites Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004).[3]

In lieu of an Answer, Respondent sought and obtained leave to file a Motion [Docket Entry No. 7] to Dismiss, asserting that the Petition is in actuality a "second or successive" § 2255 motion, over which this Court lacks jurisdiction.  Petitioner has filed no response to the Motion to Dismiss.

## II.  ANALYSIS

Petitioner contends that he is entitled to habeas relief under § 2241, despite the fact that he has filed a previous § 2255 motion, because he is "actually innocent" of the

---

[3] In Apprendi v. New Jersey, 530 U.S. 466, 471, 490 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  In Blakely v. Washington, 124 S.Ct. 2531 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  124 S.Ct. at 2536-37 (internal quotations omitted). While this matter was pending, in United States v. Booker, 125 S.Ct. 738 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, ultimately holding that the Guidelines are not mandatory, but are merely advisory.  Thus, Petitioner's claim now is understood more properly as one arising under Booker.

enhancement and relief under § 2255 now is "inadequate or ineffective." See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Before a second or successive § 2255 motion can be filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense or (2) a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. §§ 2244, 2255.

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only

where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. Id. To the contrary, the

5

court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The Court distinguished the intervening change in the law in Dorsainvil, which was one "that potentially made the crime for which that petitioner was convicted non-criminal." Id. at 120-21. Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Blakely or United States v. Booker, 125 S.Ct. 738 (2005), both of

6

which are extensions of <u>Apprendi</u>.  See <u>Smith v. Nash</u>, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.).  Thus, this Petition must be construed as a "second or successive" § 2255 motion,[4] which must be brought in the district of conviction after authorization by the appropriate Court of Appeals, and over which this Court lacks jurisdiction.[5]  28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court of Appeals for the Eleventh Circuit has held, however, that <u>Booker</u> and <u>Blakely</u> do not apply

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no <u>Miller</u> notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the <u>Miller</u> court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion which was addressed by the sentencing Court, and because the current Petition is itself "second or successive," no purpose would be served by a <u>Miller</u> notice.

[5] The Court notes that, even if it possessed jurisdiction over this claim, it could not grant Petitioner any relief.  The Court of Appeals for the Third Circuit has recently held that <u>Booker</u> does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date <u>Booker</u> issued. See <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005), <u>petition for cert. filed</u> (Aug. 5, 2005) (No. 05-5769).

retroactively to cases on collateral review.  See In re Anderson, 396 F.3d 1336 (11th Cir. 2005).  Accordingly, it does not appear that it would be in the interest of justice to transfer this matter to the Court of Appeals for the Eleventh Circuit, and this matter will be dismissed for lack of jurisdiction.  This Court will dismiss the Petition without prejudice, should the U.S. Supreme Court subsequently hold that Booker is retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2255 (motions under § 2255 must be made within one year of, inter alia, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review").

### III.  CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice.  An appropriate order follows.


s/Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Dated: 8-23-05